```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
ANDREW PROSSIN, an individual; and  )
4367625 NOVA SCOTIA LIMITED, dba    )
EXPEDITION EXPERIENCE, a Canadian   )
corporation,                        )
                                    )    C.A. No. 23-167 WES
          Plaintiffs,               )
                                    )
     v.                             )
                                    )
INTERNATIONAL ASSOCIATION OF        )
ANTARCTICA TOUR OPERATORS, a        )
Rhode Island corporation; ROBIN     )
WOODHEAD, and individual; JANEEN    )
HASSE, an individual; CHEESEMAN'S   )
ECOLOGY SAFARIS, a California       )
Corporation; TED CHEESEMAN, an      )
Individual; AURORA EXPEDITIONS, an  )
Australian corporation; TOMAS       )
HOLIK, an individual; SHIP TO       )
SHORE CHARTERS, a Washington        )
corporation; LORRAINE BETTS, an     )
individual; ANTARPPLY EXPEDITIONS,  )
an Argentinian corporation; and     )
UTE HOHN BOWEN, an individual,      )
                                    )
          Defendants.               )
_____ )
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

Before the Court is a series of motions to dismiss filed by Defendants who have appeared in this matter.[1] Defs. International Association of Antarctica Tour Operators, Robyn Woodhead, Janeen

---

[1] Named Defendants Aurora Expeditions, Tomas Holik, and Antarpply Expeditions have yet to appear. Plaintiffs have not filed notices of executed summons for those parties.

Haase, and Ute Hohn-Bowen's Mot. Dismiss Am. Compl. ("IAATO Mot."), ECF No. 35; Defs. Lorraine Betts and Ship to Shore, Inc.'s Mot. Dismiss Counts One and Five Am. Compl. ("Ship to Shore Mot."), ECF No. 36; Defs. Cheeseman's Ecology Safaris and Ted Cheeseman's Mot. Dismiss Counts One and Five Pl.'s Am. Compl. ("Cheeseman's Mot."), ECF No. 39.  For the following reasons, the Motions are GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND[2]

This case involves competing companies that offer boat tours to Antarctica.  Pls.' Am. Compl. Against Defs. for Slander, Libel, Violation of the Sherman Act, and Interference with Business Opportunities, and Seeking Damages and Injunctive Relief Against Defs. ("Am. Compl.") ¶¶ 4, 25, ECF No. 10.  Central to this dispute is company membership in Defendant International Association of Antarctica Tour Operators ("IAATO"), "a trade association which affords its members many competitive advantages over nonmembers competing in the worldwide Antarctica touring business."  Id. ¶¶ 3, 12.

Beginning in or around 2007, Plaintiff Andrew Prossin

---

[2] The Court assumes that Plaintiffs' factual allegations are true for the purpose of assessing the Motions to Dismiss.  See Pemental v. Sedgwick Claims Mgmt. Sys., Inc., No. CA 14-45-M, 2014 WL 2048279, at *1 n.2 (D.R.I. May 19, 2014) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

2

operated One Ocean Expeditions ("One Ocean"), "a successful vessel touring business primarily engaging in offering tours to Antarctica." Id. ¶ 35. One Ocean was "a longstanding member in good standing in IAATO." Id. ¶ 37. In or around 2018, "as a result of various adverse circumstances, notably when the Russian Federation seized possession of two of its chartered vessels and thus deprived it of its source of tour income, One Ocean . . . filed for protection under the Canadian equivalent of [U.S.] bankruptcy laws." Id. ¶ 39. During One Ocean's reorganization, Prossin formed a new Antarctica tour company, Plaintiff 4367625 Nova Scotia Limited d/b/a Expedition Experience ("Expedition Experience"). Id. ¶ 40.

"In or around January 2022, after becoming financially viable and with a growing sale of tours, Expedition Experience filed an application for membership in IAATO." Id. ¶ 41. However, IAATO denied the application in April 2022. Id. ¶ 42. Plaintiffs argue such denial was the result of a conspiracy between IAATO and the other Defendants, propagated by false statements about Plaintiffs, to give Defendants a "competitive advantage" over Plaintiffs. Id. ¶¶ 42-43.

The purported false statements about Plaintiffs were made at the IAATO annual meeting on or around April 26, 2022. Id. ¶ 43. Defendant Ted Cheeseman, acting on behalf of Defendant Ecological

3

Safaris, stated that Prossin stole money from people and charities, "was dishonest, and created a 'toxic corporate culture' in his operation of One Ocean." Id. ¶ 45. Defendant Tomas Holik, acting on behalf of Defendant Aurora Expeditions, said that Prossin "had lied on a prior application." Id. ¶ 46. Defendant Lorraine Betts, acting on behalf of Defendant Ship to Shore, stated that Prossin "had a long history of bankrupting companies and running from his debts" and that Prossin was arrogant. Id. ¶ 47. And Defendant Ute Hohn-Bowen, acting on behalf of Defendant Antarpply, concurred with the foregoing statements. Id. ¶ 48.

That's how this litigation came to be. Plaintiffs allege that Defendants committed group boycott (Count 1) and illegal use of monopoly power (Count 2) in violation of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., and committed slander (Count 3), libel (Count 4), and intentional interference with Plaintiffs' contracts and business relations (Count 5). Id. ¶¶ 52-78. IAATO moves to dismiss all counts; Hohn-Bowen moves to dismiss Counts 1 and 5; and Defendants Robyn Woodhead and Janeen Haase move to dismiss Counts 1, 3, 4, and 5. IAATO Mot. 1-2. Betts, Ship to Shore, Ecology Safaris, and Cheeseman move to dismiss Counts 1 and 5 for the same reasons as outlined in the IAATO Motion. Ship to Shore

4

Mot. 1; Cheeseman Mot. 1-2.[3]

## II. LEGAL STANDARD

A complaint must state a claim that is "plausible on its face" to survive a motion to dismiss under Rule 12(b)(6) and proceed to discovery. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations and footnote omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556).

When determining whether a complaint satisfies the plausibility standard, a court must assume the truth of all well-pleaded facts and "give the plaintiff the benefit of all reasonable inferences." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007). This presumption, however, does not extend to bare legal conclusions. Iqbal, 556 U.S. at 678. Indeed, "a plaintiff must offer 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation,' in order to claim a 'plausible

---

[3] For simplicity, the Court hereinafter only cites to the IAATO Motion.

entitlement to relief.'" Sanchez v. Pereira-Castillo, 590 F.3d 31, 48 (1st Cir. 2009) (citations omitted). If the well-pleaded facts only offer an inference of liability but cannot reach the level of supporting a plausible claim, the court must dismiss the complaint. Iqbal, 556 U.S. at 679.

**III. DISCUSSION**

    **A. Sherman Antitrust Act**

        **1. Antitrust Claims (Counts 1 and 2)**

Plaintiffs allege that all Defendants participated in a "group boycott" to exclude Plaintiffs from competing in the worldwide Antarctica tour market in violation of 15 U.S.C. § 1. Am. Compl. ¶¶ 55-57. Plaintiffs also allege that IAATO monopolizes the market and "has wrongfully used and has intended to use, [sic] its monopoly power to economically injure Plaintiffs" in violation of 15 U.S.C. § 2. Id. ¶¶ 59-61.

Section 1 of the Sherman Act deems illegal "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations." 15 U.S.C. § 1. The Supreme Court interprets Section 1's prohibition on "restraint" as only pertaining to "unreasonable" restraints. State Oil Co. v. Khan, 522 U.S. 3, 10 (1997). There are several standards under which courts determine whether a restraint is unreasonable. A court may deem a restraint

6

as per se unreasonable if it "always or almost always tend[s] to restrict competition and decrease output." Ohio v. Am. Express Co., 585 U.S. 529, 540 (2018) (quotation marks omitted) (quoting Bus. Elecs. Corp. v. Sharp Elecs. Corp., 485 U.S. 717, 723 (1988)). If a restraint is not per se unreasonable, courts apply the "rule of reason" standard by evaluating "'market power and market structure . . . to assess the [restraint]'s actual effect' on competition." Id. (alterations in original) (quoting Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 768 (1984)).

A "group boycott" is a "concerted refusal[] by traders to deal with other traders." Klor's, Inc. v. Broadway-Hale Stores, Inc., 359 U.S. 207, 212 (1959). "[P]recedent limits the per se rule in the boycott context to cases involving horizontal agreements among direct competitors." NYNEX Corp. v. Discon, Inc., 525 U.S. 128, 135 (1998); see Bus. Elecs. Corp., 485 U.S. at 730 ("Restraints imposed by agreement between competitors have traditionally been denominated as horizontal restraints, and those imposed by agreement between firms at different levels of distribution as vertical restraints.").

To sustain a monopolization claim under Section 2 of the Sherman Act, a plaintiff must demonstrate the defendant's (1) "possession of monopoly power in the relevant market" and (2) "willful acquisition or maintenance of that power as distinguished

from growth or development as a consequence of a superior product, business acumen, or historic accident." United States v. Grinnell Corp., 384 U.S. 563, 570–71 (1966); see 15 U.S.C. § 2; see also Hewlett-Packard Co. v. Bos. Sci. Corp., 77 F. Supp. 2d 189, 195 (D. Mass. 1999) (including willful "use" of monopoly power as part of the second element).  Monopoly power is "the power to control prices or exclude competition." United States v. E. I. du Pont de Nemours & Co., 351 U.S. 377, 391 (1956).  "The existence of such power ordinarily may be inferred from the predominant share of the market." Grinnell Corp., 384 U.S. at 571.

To have standing to bring an antitrust claim, a plaintiff must show an injury that is "of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." Sterling Merch., Inc. v. Nestle, S.A., 656 F.3d 112, 121 (1st Cir. 2011) (quoting Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 489 (1977)); see id. at 120 (outlining a six-factor test).  Here, Defendants argue that Plaintiffs have not alleged an antitrust injury – "namely a 'consumer injury'" stemming from "reduce[d] outputs or raise[d] prices to consumers" – because they only allege lost revenues. IAATO Mot. 11-13 (first quoting Reapers Hockey Ass'n, Inc. v. Amateur Hockey Ass'n Ill., Inc., 412 F. Supp. 3d 941, 952 (N.D. Ill. 2019) (citation omitted), then quoting Levitin v. Nw. Cmty.

8

Hosp., 64 F. Supp. 3d 1107, 1121 (N.D. Ill. 2014) (citation omitted)).  Defendants also argue that Plaintiffs cannot plausibly allege an antitrust injury because the relevant market – the Antarctica boat touring business – is "highly competitive."  Id. at 13 (quoting Am. Compl. ¶ 27).  Further, Defendants indicate that Plaintiffs' application for IAATO membership "lacked certain key information."  Id. at 6 n.3.

In response, Plaintiffs insist that they allege an antitrust injury in the form of the "exclusion of a significant competitive option for consumers."  Pls.' Opp'n Defs.' Mots. Dismiss Am. Compl. ("Resp.") 13-14, ECF No. 42.  Defendants reply[4] that Plaintiffs' argument is based on "a different, now defunct, bankrupt entity – One Ocean – that is not a party to this action and whose financial failure does not harm consumers and is in no way relevant to this action."  IAATO Reply 5, ECF No. 43.  Further, Defendants argue that Plaintiffs "failed to reapply for [IAATO] membership, despite IAATO encouraging them to do so 'when more detailed information [could] be provided on the application.'"  Id. at 7 (quoting IAATO

---

[4] For simplicity, the Court hereinafter only cites to the IAATO Reply because the other replies incorporate the same arguments.  See Defs. Lorraine Betts & Ship to Shore, Inc.'s Reply in Further Support of Motion to Dismiss Counts One and Five Am. Compl., ECF No. 44; Defs. Cheeseman's Ecology Safaris & Ted Cheeseman's Repl to Pls.' Opp'n to Mot. Dismiss Counts One & Five Pls.' Am. Compl., ECF No. 45.

9

Mot. 6 n.3).

The Court granted Plaintiffs leave to file a sur-reply. Text Order (Jan. 29, 2024). In it, Plaintiffs contend that Defendants "are insisting that this Court ignore the reality of Expedition Experience's existence as the vehicle for Prossin's continued participation in the relevant market." Pls.' Sur-Reply 4, ECF No. 50.

Plaintiffs' Amended Complaint does not plausibly allege an antitrust injury. Plaintiffs do not clearly allege what impact their exclusion from IAATO has or could have had on price, output, or quality of Antarctica boat tour services. See PLS.Com, LLC v. Nat'l Ass'n of Realtors, 32 F.4th 824, 832 (9th Cir. 2022), cert. denied, 143 S. Ct. 567 (Mem.) (2023) ("[T]he Sherman Act prohibits group boycotts because they are designed to drive existing competitors out of the market or to prevent new competitors from entering, thus leaving consumers with fewer choices, higher prices, and lower-quality products." (emphasis added)). Plaintiffs only allege, in conclusory fashion, that Defendants have "exclude[d] [Plaintiffs] from fair competition," without spelling out the market impact. Am. Compl. ¶ 4. As for quality of services, Plaintiffs extol One Ocean's performance, seemingly to suggest that Expedition Experience would provide high quality services, see id. ¶¶ 34-38, but do not allege a decrease in quality

10

of services due to the exclusion from IAATO.  The Amended Complaint primarily focuses on Plaintiffs' lost revenues, which is not a market-wide injury and thus is not redressable through antitrust enforcement.  See, e.g., Am. Compl. ¶¶ 6, 51; Brown Shoe Co. v. United States, 370 U.S. 294, 344 (1962) ("It is competition, not competitors, which the [Sherman] Act protects.").

Accordingly, Defendants' Motions to Dismiss as to Counts 1 and 2 are GRANTED.

### B. Torts

#### 1. Intentional Interference with Contracts and Business Relations and Advantages (Count 5)

To bring a claim of intentional interference with business relations in Rhode Island, a plaintiff must allege "(1) the existence of a business relationship or expectancy, (2) knowledge by the interferer of the relationship or expectancy, (3) an intentional act of interference, (4) proof that the interference caused the harm sustained, and (5) damages to the plaintiff." Avilla v. Newport Grand Jai Alai LLC, 935 A.2d 91, 98 (R.I. 2007) (quoting L.A. Ray Realty v. Town Council of Cumberland, 698 A.2d 202, 207 (R.I. 1997)).  The elements of intentional interference with a contract read essentially the same except that "an actual contract [must] exist."  Id. (quoting Mesolella v. City of Providence, 508 A.2d 661, 670 (R.I. 1986)).

Defendants argue that Plaintiffs only advance a "formulaic

11

recitation of the elements" on this count: "Plaintiffs fail to allege the existence of any contract" and otherwise "include only unadorned factual assertions." IAATO Mot. 16-17. Plaintiffs do not respond to Defendants' argument.[5] See generally Resp.

The Court agrees with Defendants only as to the claim of interference with a contract. From the Amended Complaint, it is unclear whether the general reference to "contracts" relates to contracts previously belonging to One Ocean or presently belonging to Expedition Experience. See Am. Compl. ¶¶ 74-76. Accordingly, Plaintiffs have not sufficiently pled the existence of a contract that has been interfered with. However, with the facts alleged regarding One Ocean's prior membership and success, Plaintiffs have sufficiently pled a claim of interference with expected business relations. Am. Compl. ¶¶ 34-41. Further discovery is necessary to determine whether the claim holds water. See Steward Health Care Sys., LLC v. Blue Cross & Blue Shield of R.I., 997 F. Supp. 2d 142, 164 (D.R.I. 2014). Accordingly, Defendants' Motions to Dismiss are GRANTED with respect to the interference with contract claim but DENIED with respect to the interference with

---

[5] The Court must examine the plausibility of Plaintiffs' allegations despite their lack of response to Defendants' arguments. See Jones v. Providence Pub. Schs., No. 23-1407, 2024 WL 1128034 (1st Cir. Mar. 11, 2024); LR Cv. 7(a)(3).

12

prospective business relations claim.

### 2. Slander and Libel Claims Against IAATO, Woodhead, and Haase (Counts 3 and 4)

Defendants request dismissal of all claims against Woodhead and Haase because Plaintiffs do not specify the allegations attributable to them. IAATO Mot. 15-16. Defendants also argue that "Plaintiffs have not alleged that IAATO, Ms. Woodhead or Ms. Haase made any false and defamatory statement about them." Id. at 16. Plaintiffs counter that Woodhead and Haase conspired with the remaining Defendants to exclude Plaintiffs from IAATO. Resp. 19-20.

The Court finds that the only remaining plausible claim against IAATO, Woodhead, and Haase is Count 5, as discussed above. Plaintiffs do not advance claims of slander or libel against IAATO, Woodhead, or Haase. Accordingly, IAATO's Motion is GRANTED as to Counts 3 and 4 against IAATO, Woodhead, and Haase.

### C. Leave to File an Amended Complaint

Plaintiffs state in their Response: "If further specificity as to any allegation is seen as needed by the Court, . . . an amendment should be allowed." Resp. 20. However, Plaintiffs have not formally moved to amend pursuant to the Local Rules. See LR Cv 15. Plaintiffs may move to amend the Amended Complaint if they so choose but must do so in compliance with the Local Rules for the Court's consideration; the Court takes no position at this

time on whether such a motion will be granted.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Motions to Dismiss, ECF Nos. 35, 36, and 39, are GRANTED IN PART and DENIED IN PART. The following claims are dismissed without prejudice:

- Counts 1 and 2 as to all Defendants;
- Counts 3 and 4 as to IAATO, Woodhead, and Haase; and
- Count 5 as to all Defendants with respect to Plaintiffs' claim for intentional interference with contracts.

IT IS SO ORDERED.

_/s/ William E. Smith_
William E. Smith
District Judge
Date: August 16, 2024