UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANDREW PROSSIN, and 4367625 NOVA SCOTIA LIMITED, dba EXPEDITION EXPERIENCE,<br><br>        *Plaintiffs*,<br><br>v.<br><br>INTERNATIONAL ASSOCIATION OF ANTARCTICA TOUR OPERATORS, ROBIN WOODHEAD, JANEEN HAASE, CHEESEMAN'S ECOLOGY SAFARIS CORPORATION, TED CHEESEMAN, SHIP TO SHORE, INC., and LORRAINE BETTS.<br><br>        *Defendants*. | Civil Action No.: 1:23-cv-00167-MRD-PAS |

**DEFENDANT JANEEN HAASE'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant Janeen Haase[1] ("Ms. Haase") files her Answer to Plaintiffs Andrew Prossin ("Prossin") and 4367625 Nova Scotia Limited d/b/a Expedition Experience's ("Expedition Experience") (collectively, "Plaintiffs") Amended Complaint as follows:

**INTRODUCTION**

1.      Ms. Haase admits that Plaintiffs seek certain damages against the Defendants in this action. Ms. Haase denies the remainder of the allegations set forth in paragraph 1 of the Amended Complaint and denies any and all liability to Plaintiffs for such alleged damages.

2.      The allegations set forth in paragraph 2 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Ms. Haase denies the allegations set forth in paragraph 2 of the Amended Complaint.

---

[1] The Amended Complaint incorrectly identifies Janeen Haase as Janeen Hasse.

3.    Ms. Haase admits that the International Association of Antarctica Tour Operators ("IAATO") is a member organization founded to advocate and promote the practice of safe and environmentally responsible private-sector travel to the Antarctic. Ms. Haase denies the remainder of the allegations set forth in paragraph 3 of the Amended Complaint.

4.    The allegations set forth in paragraph 4 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Ms. Haase denies the allegations set forth in paragraph 4 of the Amended Complaint and, to the extent that these allegations relate to Plaintiffs' prior claims for violation of the Sherman Act, Ms. Haase references the Court's Memorandum and Order (ECF No. 54) issued on August 16, 2024 and the Court's Text Order issued on January 15, 2026 that dismissed such claims.

5.    The allegations set forth in paragraph 5 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Ms. Haase denies the allegations set forth in paragraph 5 of the Amended Complaint and, to the extent that these allegations relate to Plaintiffs' prior claims for violations of the Sherman Act, Ms. Haase references the Court's Memorandum and Order (ECF No. 54) issued on August 16, 2024 and the Court's Text Order issued on January 15, 2026 that dismissed such claims.

### Subject Matter Jurisdiction

6.    The allegations set forth in paragraph 6 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Ms. Haase does not contest that the parties to this action are citizens of different states and/or foreign states.

### Personal Jurisdiction and Venue

7.    The allegations set forth in paragraph 7 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Ms. Haase

2

denies that she caused Plaintiffs any harm or committed any wrongdoing, but Ms. Haase does not contest that the Court has personal jurisdiction over her.

8.      The allegations set forth in paragraph 8 of the Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Ms. Haase denies Plaintiffs' claims, but Ms. Haase does not contest that venue is proper in this judicial district.

**The Parties**

9.      Ms. Haase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint.

10.      Upon information and belief, Ms. Haase admits that Expedition Experience is a corporation registered to do business in Canada, with a registered address of Nova Scotia, Canada.

11.      Ms. Haase admits that IAATO is a domestic non-profit corporation, but further states that IAATO maintains a principal place of business in Providence, Rhode Island.

12.      Ms. Haase admits that she is the Secretary and Director of Governance of IAATO and is a citizen of the State of Rhode Island.

13.      Ms. Haase admits that Robyn Woodhead was the Executive Committee Chair of IAATO and that she is a citizen of the Republic of South Africa.[2]

14.      Upon information and belief, Ms. Haase admits that Defendant Cheeseman's Ecology Safaris Corporation is a corporation organized under the laws of the State of California and maintains a principal place of business in Moss Landing, California.

15.      Ms. Haase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint.

---

[2] Defendant Robyn Woodhead is incorrectly identified as Robin Woodhead in the Amended Complaint.

3

16. Upon information and belief, Ms. Haase admits that Defendant Ship to Shore, Inc. is a corporation organized under the laws of the State of Washington and maintains a principal place of business in Chelan, Washington.

17. Ms. Haase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint.

## FACTS APPLICABLE TO ALL COUNTS

### The Antarctica Tour Operators and Their [Alleged] Commercial Dependence on IAATO

18. Ms. Haase admits that Antarctica is a beautiful land mass that has become more popular as a travel destination and that visitors travel there by vessel and other means from various parts of the world. Ms. Haase denies the remaining allegations set forth in paragraph 18 of the Amended Complaint.

19. Ms. Haase admits that there are multiple tour operating companies that operate vessels traveling to and from Antarctica from various parts of the world and that certain of these tour operating companies sell rooms on their vessels for such voyages. Ms. Haase denies the remaining allegations set forth in paragraph 19 of the Amended Complaint.

20. Ms. Haase admits that vessel and other tours to Antarctica have become more popular and the collective annual value of such tours has increased over time in part because Antarctica is unique and is one of the most preserved regions in the world. Ms. Haase denies the remaining allegations set forth in paragraph 20 of the Amended Complaint.

21. Ms. Haase admits that tour operating companies offering vessel and other tour services to Antarctica generally promote the safety and/or comfort of their vessels and their tour services to compete with other tour operating companies offering vessel and other tour services to Antarctica. Ms. Haase further admits that there is competition among tour operating companies

4

offering vessel and other tour services to Antarctica. Ms. Haase denies the remaining allegations set forth in paragraph 21 of the Amended Complaint.

22.    Ms. Haase admits that IAATO is a member organization founded in 1991 to advocate and promote the practice of safe and environmentally responsible private-sector travel in the Antarctic. Ms. Haase further states that all IAATO members are to meet all the association's standard operating procedures and guidelines designed to promote safe and responsible operations in Antarctica. Ms. Haase is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 22 of the Amended Complaint.

23.    Ms. Haase admits that the Frequently Asked Questions portion of IAATO's website states, among other things, that:

> Are IAATO guides certified?
>
> IAATO views training and experience as lynchpins of its mission: facilitating safe and environmentally responsible private-sector travel to Antarctica.  IAATO Members' guides or expedition staff play a key role in the stewardship of the Antarctic.  Their role includes introducing, educating and informing visitors about the unique Antarctic environment and its role in the global system – and all this with the robust best practices identified to help keep everyone safe and treading softly with minimal or no disturbance to the environment.
>
> As such, IAATO has established an online field staff assessment and certification program.  The online assessment is designed to augment the training and test the knowledge of staff on the contents of the IAATO Field Operations Manual.
>
> IAATO expects its members to hire an expedition team comprised of individuals of whom have at least 80% relevant experience and 50% of whom have previous Antarctic experience.

Ms. Haase further states that all IAATO members are to meet all the association's standard operating procedures and guidelines designed to promote safe and responsible operations in

5

Antarctica.  Ms. Haase is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the Amended Complaint.

24.    Ms. Haase admits that South Georgia is a port of call for some operating companies offering certain vessel tour services to Antarctica and that a stop in South Georgia on the way to Antarctica and of itself may appeal to some tourists. Ms. Haase denies the remaining allegations set forth in paragraph 24 of the Amended Complaint.

25.    Ms. Haase admits that South Georgia is a port of call for some operating companies offering certain vessel tour services to Antarctica and that a stop in South Georgia on the way to Antarctica may appeal to some tourists as a benefit of travel. Ms. Haase denies the remaining allegations set forth in paragraph 25 of the Amended Complaint.

26.    Ms. Haase admits that IAATO is a member organization founded in 1991 to advocate and promote the practice of safe and environmentally responsible private-sector travel in the Antarctic.  Ms. Haase further states that all IAATO members are to meet all of the association's standard operating procedures and guidelines designed to promote safe and responsible operations in Antarctica. Ms. Haase denies the remaining allegations set forth in paragraph 26 of the Amended Complaint and, to the extent that these allegations relate to Plaintiffs' prior claims for violations of the Sherman Act, Ms. Haase references the Court's Memorandum and Order (ECF No. 54) issued on August 16, 2024 and the Court's Text Order issued on January 15, 2026 that dismissed such claims.

27.    Ms. Haase admits that tour operating companies offering vessel tour services to Antarctica are from various parts of the world, that there is competition among tour operating companies offering vessel tour services to Antarctica, and that Antarctica is an alluring place for

6

travel. Ms. Haase denies the remaining allegations set forth in paragraph 27 of the Amended Complaint.

## The Plaintiffs in Competition with Defendants

28.    Ms. Haase admits that Prossin is an individual with certain experience in offering and operating vessel tours to Antarctica. Ms. Haase is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 28 of the Amended Complaint.

29.    Ms. Haase admits that Prossin was associated with and/or participated in the operations of One Ocean Expeditions—a vessel touring business that offered tours to Antarctica but is and/or was the subject of an insolvency proceeding filed in the Supreme Court of British Columbia, Court No. VLC-S-B200205. Ms. Haase is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29 of the Amended Complaint.

30.    Ms. Haase admits that Prossin was associated with and/or participated in the operations of One Ocean Expeditions. Ms. Haase is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 30 of the Amended Complaint.

31.    Ms. Haase admits that One Ocean was a member of IAATO in good standing for a number of years, including in 2018. Ms. Haase is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 31 of the Amended Complaint.

32.    Ms. Haase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Complaint.

33.    Ms. Haase admits that One Ocean is and/or was the subject of an insolvency proceeding filed in the Supreme Court of British Columbia, Court No. VLC-S-B200205 as a result of certain financial and/or other difficulties. Ms. Haase is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 33 of the Amended Complaint.

34.    Ms. Haase admits that Prossin is associated with and/or participates in the operations of Expedition Experience. Ms. Haase is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 34 of the Amended Complaint.

35.    Ms. Haase admits that Expedition Experience submitted an initial application for a provisional operator membership at the end of February 2022 and a further application for a provisional operator membership in mid-March 2022. Ms. Haase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Amended Complaint concerning Expedition Experience's financial viability and its sale of tours. Ms. Haase denies the remaining allegations set forth in paragraph 35 of the Amended Complaint and further refers to IAATO's letter dated May 18, 2022, wherein IAATO advised Expedition Experience that the membership application lacked certain key information, including: (i) Advanced Notification of a Competent Authority; (ii) an Environmental Impact Assessment (EIA) or equivalent; (iii) vessel information; (iv) staffing experience information (with the exception of one individual); and (v) pre-departure materials. These requirements, including documentation of Advanced Notification of a Competent Authority, were published on IAATO's new membership application web portal. IAATO "encourage[d] [Expedition Experience] to reapply when more detailed information can be provided on the application."

8

**Defendants' [Alleged] Misconduct Injuring Plaintiffs**

36.     Denied. To the extent that these allegations relate to Plaintiffs' prior claims against her for violations of the Sherman Act and libel and slander, Ms. Haase further references the Court's Memorandum and Order (ECF No. 54) issued on August 16, 2024 and the Court's Text Order issued on January 15, 2026 that dismissed such claims against her.

37.     Denied. To the extent that these allegations relate to Plaintiffs' prior claims against her for violations of the Sherman Act and libel and slander, Ms. Haase further references the Court's Memorandum and Order (ECF No. 54) issued on August 16, 2024 and the Court's Text Order issued on January 15, 2026 that dismissed such claims against her.

38.     Denied. To the extent that these allegations relate to Plaintiffs' prior claims against her for violations of the Sherman Act and libel and slander, Ms. Haase further references the Court's Memorandum and Order (ECF No. 54) issued on August 16, 2024 and the Court's Text Order issued on January 15, 2026 that dismissed such claims against her.

39.     Ms. Haase admits that certain representatives of IAATO members commented on Expedition Experience's provisional operator membership application during the open session of the annual meeting on April 26, 2022 and that Prossin, on behalf of Expedition Experience, responded to certain of those comments. During that session, Defendant Ted Cheeseman stated that funds raised during a fundraiser held aboard a vessel operated by One Ocean were not received by a charitable organization. Defendant Ted Cheeseman also questioned whether members of IAATO could trust Expedition Experience. Ms. Haase denies the remaining allegations set forth in paragraph 39 of the Amended Complaint and further references the Court's Memorandum and Order (ECF No. 54) issued on August 16, 2024 and the Court's Text Order issued on January 15,

9

2026 that dismissed Plaintiffs' prior claims against her for violations of the Sherman Act and libel and slander.

40.    Ms. Haase admits that certain representatives of IAATO members commented on Expedition Experience's provisional operator membership application during the open session of the annual meeting on April 26, 2022 and that Prossin, on behalf of Expedition Experience, responded to certain of those comments. During that session, Tomas Holik stated that he, not Prossin, was the operations manager of Marine Expeditions. Ms. Haase denies the remaining allegations set forth in paragraph 40 of the Amended Complaint and further references the Court's Memorandum and Order (ECF No. 54) issued on August 16, 2024 and the Court's Text Order issued on January 15, 2026 that dismissed Plaintiffs' prior claims against her for violations of the Sherman Act and libel and slander.

41.    Ms. Haase admits that certain representatives of IAATO members commented on Expedition Experience's provisional operator membership application during the open session of the annual meeting on April 26, 2022 and that Prossin, on behalf of Expedition Experience, responded to certain of those comments. During that session, Defendant Lorraine Betts questioned the reference in Expedition Experience's provisional operator membership application to Marine Expeditions as a successful company because that entity failed to pay certain amounts owed to Ship to Shore, Inc. She also stated that Prossin's ego amazed her and that she did not support Expedition Experience's provisional operator membership application. Ms. Haase denies the remaining allegations set forth in paragraph 41 of the Amended Complaint and further references the Court's Memorandum and Order (ECF No. 54) issued on August 16, 2024 and the Court's Text Order issued on January 15, 2026 that dismissed Plaintiffs' prior claims against her for violations of the Sherman Act and libel and slander.

42.     Ms. Haase admits that certain representatives of IAATO operator members commented on Expedition Experience's provisional operator membership application during the closed and confidential session (limited to operator members and the Secretariat) of the annual meeting on April 26, 2022. During that closed and confidential session and according to notes taken by two members of the Secretariat, Ute Hohn-Bowen stated that Marine Expeditions was no longer an IAATO member and that Expedition Experience's provisional operator membership application did not appear to be complete and did not provide a clear distinction between One Ocean and Expedition Experience. Ms. Haase denies the remaining allegations set forth in paragraph 42 of the Amended Complaint and further references the Court's Memorandum and Order (ECF No. 54) issued on August 16, 2024 and the Court's Text Order issued on January 15, 2026 that dismissed Plaintiffs' prior claims against her for violations of the Sherman Act and libel and slander.

43.     Denied. Ms. Haase further references the Court's Memorandum and Order (ECF No. 54) issued on August 16, 2024 and the Court's Text Order issued on January 15, 2026 that dismissed Plaintiffs' prior claims against her for violations of the Sherman Act and libel and slander.

44.     Ms. Haase admits that IAATO denied Expedition Experience's provisional operator membership application based on the vote during the closed and confidential session of the annual meeting on April 26, 2022. Ms. Haase denies the remaining allegations set forth in paragraph 44 of the Amended Complaint and further refers to IAATO's letter dated May 18, 2022, wherein IAATO advised Expedition Experience that the membership application lacked certain key information, including: (i) Advanced Notification of a Competent Authority; (ii) an Environmental Impact Assessment (EIA) or equivalent; (iii) vessel information; (iv) staffing

11

experience information (with the exception of one individual); and (v) pre-departure materials. These requirements, including documentation of Advanced Notification of a Competent Authority, were published on IAATO's new membership application web portal. IAATO "encourage[d] [Expedition Experience] to reapply when more detailed information can be provided on the application." Ms. Haase further references the Court's Memorandum and Order (ECF No. 54) issued on August 16, 2024 and the Court's Text Order issued on January 15, 2026 that dismissed Plaintiffs' prior claims against her for violations of the Sherman Act and libel and slander.

45.    Denied. Ms. Haase further references the Court's Memorandum and Order (ECF No. 54) issued on August 16, 2024 and the Court's Text Order issued on January 15, 2026 that dismissed Plaintiffs' prior claims against her for violations of the Sherman Act and libel and slander.

**COUNT ONE**
**Slander**
**(Against Ted Cheeseman, Cheesemans' Ecological Safaris Corporation, Ship to Shore, Inc., and Lorraine Betts)**

The allegations set forth in Count One are not against Ms. Haase and a response is therefore not required. To the extent a response is required, Ms. Haase references the Court's Memorandum and Order (ECF No. 54) issued on August 16, 2024 and the Court's Text Order issued on January 15, 2026 that dismissed Plaintiffs' prior claims against her for violations of the Sherman Act and libel and slander.

**COUNT TWO**
**Libel**
**(Against Ted Cheeseman, Cheesemans' Ecological Safaris Corporation, Ship to Shore, Inc., and Lorraine Betts)**

The allegations set forth in Count Two are not against Ms. Haase and a response is therefore not required. To the extent a response is required, Ms. Haase references the Court's Memorandum

and Order (ECF No. 54) issued on August 16, 2024 and the Court's Text Order issued on January 15, 2026 that dismissed Plaintiffs' prior claims against her for violations of the Sherman Act and libel and slander.

**COUNT THREE**
**Intentional Interference with Plaintiffs' Business Relations and Advantages**

55.     Ms. Haase repeats and incorporates her responses to paragraphs 1 to 45 above.

56.     Ms. Haase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Amended Complaint.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Ms. Haase upon which relief may be granted by the Court.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs' remaining claim against Ms. Haase for intentional interference with business relations and advantages may be barred, in whole or in part, due Plaintiffs' failure to mitigate their alleged damages, if any.

THIRD AFFIRMATIVE DEFENSE

No act and/or omission on Ms. Haase's part is or was a "but for" or proximate cause of Plaintiffs' claimed injuries or alleged damages for intentional interference with business relations and advantages.

FOURTH AFFIRMATIVE DEFENSE

To the extent that the unlawful conduct referenced in Plaintiffs' remaining claim against Ms. Haase for intentional interference with business relations and advantages relates to violations of the Sherman Act and statements alleged to constitute libel and slander, Ms. Haase relies on the Court's Memorandum and Order (ECF No. 54) issued on August 16, 2024 and the Court's Text Order issued on January 15, 2026 that dismissed Plaintiffs' claims for violations of the Sherman Act and libel and slander against her.

FIFTH AFFIRMATIVE DEFENSE

Ms. Haase reserves the right to assert additional affirmative defenses as discovery and investigation may warrant.

WHEREFORE, Ms. Haase respectfully requests that the Court enter judgment in her favor and against Plaintiffs, dismissing the Amended Complaint and the remaining Count Three of the Amended Complaint for intentional interference with business relations and advantages with prejudice, awarding Ms. Haase her costs and attorneys' fees, and granting Ms. Haase such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Ms. Haase hereby demands a jury trial on all issues so triable.

JANEEN HAASE,

By her Attorneys:

/s/ Erin A. Hockensmith
Richard R. Beretta, Jr. (#4313)
rberetta@apslaw.com
Erin A. Hockensmith (#9588)
ehockensmith@apslaw.com
Christopher J. Yagoobian (#10122)
cyagoobian@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
100 Westminster Street, 16th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
Dated: March 20, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2026, a true copy of the within document was filed electronically via the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and the filing is available for viewing and downloading from the Court's CM/ECF System.

/s/ Erin A. Hockensmith